**Fidel Lozano HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52802.**

Court of Criminal Appeals of Texas, En Banc.

April 12, 1978.

Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Lawrence J. Souza and Susan D. Reed, Asst. Dist. Attys., San Antonio, for the State.

## OPINION ON APPELLANT'S SECOND MOTION FOR REHEARING

PHILLIPS, Judge.

In a per curiam opinion dated April 27, 1977, we affirmed the judgment of the trial court. We granted appellant's motion for leave to file motion for rehearing and in an opinion dated December 7, 1977, we reaffirmed our original holding. Our previous

opinions are withdrawn and the following substituted in lieu thereof.

This is an appeal from a conviction for the offense of delivery of heroin. Punishment was enhanced pursuant to V.T.C.A., Penal Code, Sec. 12.42(d), and assessed at life.

The record reflects that on February 22, 1975, the appellant sold and delivered to Louis Ramon Martinez, an undercover officer of the San Antonio Police Department, a half gram of heroin. In light of our disposition herein, a further recitation of the facts is not necessary.

In his fourth and fifth grounds of error, appellant contends that the trial court erred in failing to excuse venireman Jean Abel and in failing to grant him an additional peremptory challenge. Appellant cites and primarily relies upon Wolfe v. State, 147 Tex.Cr.R. 62, 178 S.W.2d 274. After careful reflection, we find the decision in Wolfe well reasoned and reaffirm our holding therein.

The record reflects that appellant was forced to use one of his peremptory challenges on venireman Jean Abel after his challenge for cause was overruled. After exhausting all of his peremptory challenges, appellant filed a motion requesting an additional peremptory challenge which motion was denied. Appellant notified the court that had he been granted an additional challenge, he would have struck venireman Gary Carroll as being an unacceptable juror. These facts place appellant squarely within the rule laid down in Wolfe v. State, supra, at Page 281:

" . . . in the trial of a criminal case where an accused has been wrongfully deprived of a peremptory challenge by being forced to use such upon a juror who was shown to be subject to a challenge for cause, and such accused has exhausted his peremptory challenges, and a further juror be presented whom he states to be objectionable to him, then it will not be necessary for accused to show in what

manner such further juror was objectionable to him, nor to show that such juror was an unfair or partial juror. In further words, we think the accused should only be required to exercise a peremptory challenge on the objectionable juror and not a challenge for cause, nor show grounds for a challenge for cause, nor to show why such juror was objectionable to him."

After Wolfe, this Court unfortunately used the word "objectionable" with two different meanings: an "objectionable" juror meaning one challengeable for cause, Burns v. State, 556 S.W.2d 270; Stephenson v. State, 494 S.W.2d 900, and "objectionable" meaning unacceptable by reason of politics, religion, environment, association, or simple appearance; in other words, an arbitrary dislike for a particular juror. Wolfe v. State, supra, and cases cited therein.

In the instant case, venireman Carroll was "objectionable" from the standpoint that appellant simply did not want him on the jury. Carroll was not subject to some legal objection which would excuse him; nevertheless, appellant desired to challenge this venireman peremptorily but was denied this opportunity by having been forced to use a peremptory challenge on venireman Abel. Therefore, if it can be shown that venireman Abel was challengeable for cause and that the overruling of such challenge deprived appellant of a peremptory challenge he would have used to strike venireman Carroll, this case must be reversed. Wolfe v. State, supra; Salazar v. State, 149 Tex.Cr.App. 260, 193 S.W.2d 211; Bayless v. State, 166 Tex.Cr.R. 479, 316 S.W.2d 743; Sifford v. State, Tex.Cr.App., 505 S.W.2d 866.

The relevant portion of venireman Abel's testimony is as follows:

"Q You have heard us talk to all the other jurors, is there anything that would prevent you from serving as a juror?

"A I do feel prejudiced, already, because of the man's past record.

"MR. BASHARA: Excuse me, Your Honor. I must make the objection based upon the answer.

"THE COURT: All right. It is overruled at this point.

\*    \*    \*    \*    \*    \*

"Q   All right, ma'am. You, at this point, do not have any type of fixed conclusion in your mind as to whether he is innocent or whether he is guilty?

"A   Well, like I said, I do have a preconceived idea because of his past record. I do feel it is not in his favor.

\*    \*    \*    \*    \*    \*

"Q   I believe you were the first juror that raised your hand in response to any question about past record and I believe you said or you thought that the past record was some evidence of guilt of the charge in this particular case?

"A   Yes.

"Q   That is the opinion that you still have at this point, as you sit there?

"A   It is not very fair of me but I do feel that way.

"Q   And it would take at least some evidence to change that opinion?

"A   Yes.

"MR. BASHARA: Again, Your Honor, I challenge for cause.

"THE COURT: It is denied.

\*    \*    \*    \*    \*    \*

"Q   You, at the present time, have a preconceived notion as to the guilt or innocence of the defendant; is that correct, based upon what you have heard?

"A   That was my first thought when I heard, you know, about his past associations. That made me feel like he must be a little guilty.

"Q   And that is the way you feel at this time?

"A   Yes, but—

"Q   Thank you. And therefore, based upon what you have heard, it would be fair to say you have at least some bias or prejudice against the defendant in this case?

"A   Yes, sir.

\*    \*    \*    \*    \*    \*

"Q   Mrs. Abel, and I hate to belabor the point and I hate to even appear to be badgering you because I know you have tried to be honest. I know you understand what is at stake here and it is my obligation to inquire. You have told us that you felt the prior record I mentioned would be some evidence of guilt?

"A   Yes. I do feel that way.

"Q   And I have told you when I gave my opening remarks that the Judge will instruct you, after Mr. Hernandez takes the witness stand, that you cannot consider his past record as evidence of guilt. That you may consider it for one purpose and one purpose alone and that is on whether or not he is believable, whether or not he is credible if, in fact, it helps you about him being credible. And the Judge will frame the instruction much like that. He won't tell you it even bears on credibility but he says the only reason you can consider it is on credibility. That is what he will tell you in his instructions. But, in spite of that type of instruction you would still believe his past record would be some evidence of guilt in this particular case; would that be a fair statement?

"A   Well, I would try to forget what I had heard. I don't know whether I could or not but I would try to eliminate that from my mind.

"Q   But could you set that aside or would you feel, as you do now, that it is some evidence of guilt?

"A   I don't know. I feel like it would be some evidence of guilt.

\*    \*    \*    \*    \*    \*

"Q . . . Do you believe a police officer, any police officer, just because he is a police officer would not perjure himself from the witness stand?

"A No, I believe—

"Q He would not?

"A Everyone is fallible at some time or another.

"Q I am not talking about making a mistake, I am talking about telling a knowing willing falsehood from the witness stand.

"A I don't think a police officer would tell a falsehood from the witness stand.

"Q Under any circumstances?

"A No, I don't."

At the end of this examination, Abel did say that she could be fair to the appellant.

Appellant bases his contention on the fact that venireman Abel's testimony shows a violation of Art. 35.16(a)(8), V.A.C.C.P. We agree. That section provides:

"(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

    *    *    *    *    *    *

(8) That he has a bias or prejudice in favor of or against the defendant;"

Appellant also contends that venireman Abel's inability to believe that a police officer would tell a wilful falsehood disqualified her under Art. 35.16(a)(8). Cf. *Hernandez v. State,* Tex.Cr.App., 508 S.W.2d 853. As noted in 35 Tex.Jur.2d, Jury, Sec. 211:

"In a criminal case, hostility toward one witness or friendship for another witness may be ground for inferring that the juror 'has a bias or prejudice in favor of or against the defendant'. But whether bias should be, inferred in a particular case depends on the juror's demeanor and answers on the voir dire, and necessarily rests to a large extent in the discretion of the trial court."

In the instant case, there is no doubt that venireman Abel's attitude toward police officers constituted a bias against the appellant. Her voir dire examination revealed she believed a police officer would always tell the truth. When considering the fact that three of the four State's witnesses were police officers, these responses become especially important. A defendant is entitled to a juror who will impartially judge the credibility of the witnesses. *Shaver v. State,* 162 Tex.Cr.R. 15, 280 S.W.2d 740. Venireman Abel's testimony revealed that her predisposition to believe police officers would have prevented her from impartially judging the credibility of those witnesses. Such responses effectively demonstrated bias against the appellant. Under the circumstances, we hold that appellant's challenge for cause was improperly overruled. *Gonzalez v. State,* 169 Tex.Cr.R. 49, 331 S.W.2d 748.

The appellant's second motion for rehearing is granted; the judgment is reversed and the cause is remanded.

VOLLERS, J., not participating.