TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00440-CR







Bunkey John Bowman, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,896, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West
1994). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment
for seventy-five years.

 In his first point of error, appellant contends the district court erroneously overruled his
challenge for cause to venire member Aaron Koch. Appellant challenged Koch on the ground that he was
predisposed to believe the testimony of police officers and therefore biased against appellant. Tex. Code
Crim. Proc. Ann. art. 35.16(a)(9) (West 1989). Appellant exhausted his peremptory challenges, using one
against Koch. Appellant requested an additional challenge that was refused. Appellant identified an
objectionable juror who served at trial. Contrary to the State's contention, the point of error was
preserved. Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App. 1994).

 Koch was a certified peace officer and an employee of the Burnet County sheriff. Koch
stated that he would "automatically think that if you have an officer testify he's going to tell the truth." Koch
indicated that a police officer is a credible witness "due to the professionalism that he has to carry with him"
and because of "the nature of his job and what he does." Koch denied, however, that this meant that he
"could never judge a police officer's testimony." Koch indicated that he would not "believe [a police
officer] over anybody else" and would weigh an officer's testimony "in the same way that [he] would
another person that's not a police officer." Koch's voir dire ended as follows:



THE COURT: The question is if [two witnesses] are both conflicting with each other
would you tend to believe the police officer because of his position as a police officer over
the ordinary citizen?


[Koch]: I don't believe I could answer that for me, judge.


[Prosecutor]: Would you look to other things in making a decision? What they said, how
they said it, if it made sense, would those be factors that you would be looking at separate
from the fact that someone is a police officer in making a decision as to whether or not to
believe what they say?


[Koch]: I believe that would be.



At this point, defense counsel declined the opportunity to ask further questions and the challenge was
overruled.

 Appellant relies on the opinion in Hernandez v. State, 563 S.W.2d 947 (Tex. Crim. App.
1978). In that case, the venire member expressed the belief that a police officer would not lie under any
circumstances. The Court of Criminal Appeals held that this predisposition to believe a police officer would
prevent the venire member from impartially judging the credibility of the witnesses and constituted a bias
against the defendant. Id. at 950.

 The State urges that this cause is more closely analogous to Lane v. State, 822 S.W.2d
35, 42-45 (Tex. Crim. App. 1991). The venire members in Lane were predisposed to trust and believe
police officers. They also indicated, however, that they would not believe a police officer's testimony
merely because of his employment and would judge the officer's testimony by the same standard they
applied to other witnesses. The Court of Criminal Appeals concluded that the venire members did not
display the "blatant bias" that was present in Hernandez and that "it was well within the trial court's
discretion to find no bias against [the defendant] existed." Id. at 45.

 We agree with the State that Lane controls our disposition of this point. Koch was
predisposed to believe the testimony of a police officer, but not to the point that he could not conceive of
a police officer lying. Koch stated that he would judge the credibility of all witnesses by the same
standards, and would not automatically believe a police officer if his testimony conflicted with that of
another witness. We hold that the district court's ruling on appellant's challenge for cause was not an abuse
of its discretion. Point of error one is overruled.

 Appellant's second point of error complains of the admission in evidence of his November
15, 1995, statement to the police, which appellant argues was obtained in violation of his Sixth Amendment
right to counsel. U.S. Const. amends. VI, XIV. At the time the statement was given, appellant was in
custody following his arrest for the aggravated assault of his son and for the robbery of the "Beer Garden"
in Temple. The latter offense underlies the present appeal. In the statement, appellant described his initial
arrest for the aggravated assault and his flight from Bell County after he was released on bond. According
to the statement, appellant committed the Beer Garden robbery and three other robberies while at large. 
All references to offenses other than the Beer Garden robbery were redacted from the statement before
it was admitted in evidence at the guilt stage. The statement was introduced in its entirety at the later
punishment hearing before the court.

 Appellant had been indicted for the aggravated assault and had hired an attorney to
represent him in that case, a fact known to the officer who conducted the interview. Under the
circumstances, the police could not initiate an interrogation of appellant about the aggravated assault without
notice to counsel, and appellant could not waive his right to counsel outside his attorney's presence. 
Holloway v. State, 780 S.W.2d 787, 795 (Tex. Crim. App. 1989). It is undisputed that counsel was not
notified of the November 15 interview. We will assume for the purpose of this opinion that, as appellant
contends, the police violated the Sixth Amendment by questioning him about the aggravated assault.

 The Sixth Amendment right to counsel is offense-specific. McNeil v. Wisconsin, 501 U.S.
171, 175 (1991). The invocation of the Sixth Amendment right to counsel does not preclude the police
from investigating new or additional crimes or render inadmissible incriminating statements pertaining to
other crimes to which the Sixth Amendment right to counsel does not apply. Id. at 175-76; Maine v.
Moulton, 474 U.S. 159, 179-80 & n.16 (1985). Because the Sixth Amendment violation asserted by
appellant related to the aggravated assault offense and not to the Beer Garden robbery, McNeil would
appear to be dispositive of appellant's claim. Appellant seeks to avoid McNeil by invoking the opinion in
Upton v. State, 853 S.W.2d 548, 555-56 (Tex. Crim. App. 1993).

 In Upton, the defendant was under arrest for theft of an automobile, an offense to which
the Court of Criminal Appeals determined the Sixth Amendment had attached. Without notifying the
defendant's attorney, the police questioned appellant and obtained an incriminating statement concerning
the murder of the car's owner. The State argued that there was no Sixth Amendment violation because,
under McNeil, the capital murder was a new or additional crime. The Court of Criminal Appeals
disagreed, noting that the defendant was subsequently accused of capital murder in the course of robbery
and that the theft of the car was used to prove the robbery element. Because the theft was so closely
related to the capital murder as to become an element of that offense, the Court of Criminal Appeals held
that the capital murder was not a new or additional crime within the meaning of McNeil. Thus, the
questioning that resulted in the murder confession violated the defendant's Sixth Amendment right to
counsel.

 Appellant's assault of his son was committed months before the Beer Garden robbery. The
assault was neither an element of the robbery nor an essential item of evidence in this aggravated robbery
prosecution. Indeed, the sole reference to the assault contained in the November 15 statement was
redacted before the statement was introduced in evidence at the guilt stage. Appellant asserts that the
existence of the aggravated assault offense affected his strategy during trial. Assuming this to be true, the
fact remains that appellant's assault against his son was unrelated to and independent of the Beer Garden
robbery. We find no basis in Upton for concluding that the Beer Garden robbery was not a new or
additional crime under McNeil.

 Appellant's Sixth Amendment right to counsel was specific to the aggravated assault offense
and did not preclude the police from questioning appellant about the unrelated Beer Garden robbery or
render inadmissible the resulting incriminating statement. McNeil, 501 U.S. at 175-76. The district court
did not err by admitting the redacted statement at the guilt stage over appellant's Sixth Amendment
objection.

 Appellant renewed his Sixth Amendment objection when the unredacted statement, with
its reference to the assault, was offered in evidence at the punishment stage. While that portion of the
statement referring to the assault was obtained in violation of appellant's Sixth Amendment rights, any error
in its admission was harmless. Tex. R. App. P. 81(b)(2). The punishment evidence showed that appellant
had three previous convictions for aggravated robbery, aggravated kidnapping, and burglary of a habitation. 
In addition, the State proved three unadjudicated aggravated robberies. We are satisfied beyond a
reasonable doubt that the brief reference to the assault against his son in appellant's November 15 statement
did not contribute to the punishment assessed by the court. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: February 13, 1997

Do Not Publish



e his right to counsel outside his attorney's presence. 
Holloway v. State, 780 S.W.2d 787, 795 (Tex. Crim. App. 1989). It is undisputed that counsel was not
notified of the November 15 interview. We will assume for the purpose of this opinion that, as appellant
contends, the police violated the Sixth Amendment by questioning him about the aggravated assault.

 The Sixth Amendment right to counsel is offense-specific. McNeil v. Wisconsin, 501 U.S.
171, 175 (1991). The invocation of the Sixth Amendment right to counsel does not preclude the police
from investigating new or additional crimes or render inadmissible incriminating statements pertaining to
other crimes to which the Sixth Amendment right to counsel does not apply. Id. at 175-76; Maine v.
Moulton, 474 U.S. 159, 179-80 & n.16 (1985). Because the Sixth Amendment violation asserted by
appellant related to the aggravated assault offense and not to the Beer Garden robbery, McNeil would
appear to be dispositive of appellant's claim. Appellant seeks to avoid McNeil by invoking the opinion in
Upton v. State, 853 S.W.2d 548, 555-56 (Tex. Crim. App. 1993).

 In Upton, the defendant was under arrest for theft of an automobile, an offense to which
the Court of Criminal Appeals determined the Sixth Amendment had attached. Without notifying the
defendant's attorney, the police questioned appellant and obtained an incriminating statement concerning
the murder of the car's owner. The State argued that there was no Sixth Amendment violation because,
under McNeil, the capital murder was a new or additional crime. The Court of Criminal Appeals
disagreed, noting that the defendant was subsequently accused of capital murder in the course of robbery
and that the theft of the car was used to prove the robbery element. Because the theft was so closely
related to the capital murder as to become an elem