JOSEPH LYNN BOBO

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-371-CR

JOSEPH LYNN BOBO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In four points, appellant Joseph Lynn Bobo (“Bobo”) challenges his conviction for aggravated kidnaping.  We affirm.

II. Factual and Procedural Background

Prior to voir dire, the State propounded a questionnaire to the jury panel.  Question number twenty-two inquired “Could you as a juror convict a defendant on the testimony of a child alone, assuming you believed the child?”  Prior to commencement of voir dire, Bobo’s council objected that the question was an “improper commitment question . . . which allows . . . this jury to be bound as to an outcome in this case.”  Bobo’s counsel also objected that the question was an improper commitment question under 
Standefer
,
(footnote: 2) and “certainly for all of those jurors who answered yes to that question, those jurors would have committed themselves to an outcome in this case that would prevent the defense from getting a fair trial in this matter.”

The trial court refused to quash the panel upon motion by Bobo’s counsel, who identified, of the first fifty prospective jurors, thirty who answered in the affirmative to the question, and denied Bobo’s counsel’s challenge for cause to a venire person who indicated, in part, that he did not believe a child would lie about criminal activity.  The jury subsequently convicted Bobo of aggravated kidnapping of A.H., a friend of his common-law wife’s daughter, T.B.

III. The Jury Questionnaire

In his first three points, Bobo argues that the trial court erred in (1) allowing an improper “commitment question” to be posed to the venire panel in a juror questionnaire, (2) refusing to quash the panel as a result of the question, and (3) denying his challenge for cause to jurors who affirmatively answered the question.  The State acknowledges that, under the case law, question number twenty-two is a commitment question.  However, the State argues that the question was not an improper commitment question.  We agree. 

The determination of whether a question propounded to venire members in a juror questionnaire is a proper commitment question is a three-legged stool—all three legs must stand to withstand the weight of scrutiny.  
See Standefer
, 
59 S.W.3d 
at 179-84.  The three legs are as follows: (1) Is the question a commitment question? (2) Did the question give rise to a valid challenge for cause? and (3) Did the question contain only those facts necessary to contest whether a prospective juror is challengeable for cause?  
See id.
  A “yes” answer to these three means the question was a proper commitment question.  We review the trial court’s decisions under the abuse of discretion standard.  
Barajas v. State
, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).

The State acknowledges that, under the case law, question number twenty-two is a commitment question.  The first leg stands.  
The second inquiry is whether an answer to the question would give rise to a valid challenge for cause. 
 See Standefer
, 
59 S.W.3d 
at 179-84. 
 
The challenge for cause is properly based on bias if the venire member has an automatic predisposition toward a witness’s credibility based upon knowledge of a certain fact about the witness.  
See Harris v. State
, 122 S.W.3d 871, 880 (Tex. App.—Fort Worth 2003, pet. filed).  Had a juror answered “no” to question number twenty-two, the State would have been entitled to a challenge for cause due to the automatic predisposition demonstrated by the venire member against testimony from children whom the venire member believed were  testifying truthfully.  The second leg stands.  Clearly, only facts necessary to a challenge for cause are contained in the question.  
See id
. at 881.  The third leg stands.  Therefore, we reject Bobo’s argument that the question was an improper commitment question.  Accordingly, we overrule Bobo’s first, second, and third points.

IV. Challenge for Cause to Juror Manuel Flores

In his fourth point, Bobo argues the trial court erred in failing to strike a juror for cause regarding his belief concerning the truthfulness of children.  During voir dire, Bobo’s counsel attempted to determine whether venire members would tend to believe a child, simply because the witness was a child.  Venire member, and subsequent juror, Manuel Flores, testified as follows:

[VENIREMEMBER FLORES]: Yes, I sort of believe that a child, all things being equal, nine times out of ten I’m going to believe that child, protect that child.  It’s just my personal opinion. Because I do agree that—that most children don’t have the capacity, don’t have the ability to make up lies, to conjure up lies. I think for the most part they’re going to be up front and honest with you.  So nine times out of ten I would say that I would probably side with the child.

[DEFENSE COUNSEL]: Okay. . . . Given what I just said about giving them a leg up on credibility just simply because of their age, is that what you’re talking about?

[VENIREMEMBER FLORES]: That’s it exactly.

[DEFENSE COUNSEL]: Exactly what you’re talking about?

[VENIREMEMBER FLORES]: I think I would have that-that-if you want to call it a prejudice, yes, I would believe a child.

[DEFENSE COUNSEL]: Favor a child’s testimony—

[VENIREMEMBER FLORES]: Favor a child.

[DEFENSE COUNSEL]: —because of their age.  Thank you.

[PROSECUTOR]: . . . Mr. Flores, you have two children, is that correct?

[VENIREMEMBER FLORES]: They’re actually grown.

[PROSECUTOR]: But, I mean, you do have two kids, even if they are grown up.

[VENIREMEMBER FLORES]: Yeah.

[PROSECUTOR]: Whenever they were growing up did you ever catch them telling a fib?

[VENIREMEMBER FLORES]: Not very often.

[PROSECUTOR]: But you did at least on a couple occasions caught them saying something that was not exactly true?

[VENIREMEMBER FLORES]: Yeah, especially the son.

. . . .

[PROSECUTOR]: Now, so that being the case, I mean, you’re not going to automatically believe anything that a child has to say, are you?

[VENIREMEMBER FLORES]: No.

[PROSECUTOR]: And if the child were to come in here and tell you something outrageous on the witness stand, like the sun wasn’t going to rise tomorrow, you’re—you wouldn’t believe that, would you?

[VENIREMEMBER FLORES]: Of course not.

[PROSECUTOR]: . . . That’s all the questions we have, Your Honor.

. . . . 

[DEFENSE COUNSEL]: Mr. Flores, you testified in response to questioning earlier that you are going to believe a child nine times out of ten.  What did you mean by that?

[VENIREMEMBER FLORES]: Well, I think I would probably weigh what that child has to say quite a bit.  I would say that I would probably listen to all the facts and then weigh them, but that I would sort of tend to come in and try to believe or want to believe the child first.

[DEFENSE COUNSEL]: Before you heard them say anything, you would want—you would be wanting to believe what they were going to say?

[VENIREMEMBER FLORES]: I would—I would probably have that gut feeling to try to believe and want to believe what they say, but, no, after listening to whatever evidence and whatever facts come out of the case, you know, I could go either way.

[DEFENSE COUNSEL]: You could go either way.  Earlier I believe you also said in addition to saying you believe a child nine times out of ten, you would give a child a leg up in judging their credibility because they were a child.

[VENIREMEMBER FLORES]: That’s—that’s correct.

[DEFENSE COUNSEL]: That is correct, and so what does that mean to you?

[VENIREMEMBER FLORES]: Well, what that means to me is that I would sort of believe what a child would have to say, because I—I really do believe that a child, especially from the ages of four to 14, would—would not lie, especially in certain situations, in certain circumstances, I feel like a child in that age group would be less likely to create, fabricate a story or conjure up something or falsely accuse someone.  At least that’s my feeling.

[DEFENSE COUNSEL]: And that’s all we’re getting at.  So you’re—and I’m just going to restate it.  Your feeling is that you would  tend to believe that a child between the age of four and 14 would not tell a lie as concerns certain circumstances, particularly in that criminal accusation.

[VENIREMEMBER FLORES]: Exactly.

[DEFENSE COUNSEL]: Thank you.

Following this exchange, Bobo’s counsel objected to the witness, telling the court that “I think it’s clear from the testimony that he’s biased in favor of a child witnesses by indicating through questioning that he does not believe they would lie as concerns making criminal accusations.”  The trial court denied the challenge for cause.

If a prospective juror has a bias or prejudice in favor of or against the  defendant, which can include hostility or friendship toward a witness, a challenge for cause to the juror is appropriate.  
Tex. Code Crim. Proc. Ann
. art. 35.16(a)(9) (Vernon 2004); 
Hernandez v. State
, 563 S.W.2d 947, 950 (Tex. Crim. App. 1978) (
op. on reh’g
).  A defendant is entitled to a jury who will impartially judge the credibility of the witness, which requires it be open- minded and persuadable, with no “
extreme
 
or absolute
” positions on witness credibility.  
Hernandez
, 563 S.W.2d at 950 (emphasis added);
 Ladd v. State
, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999), 
cert. denied,
 529 U.S. 1070 (2000).  In sum, each member of the jury must be able to impartially judge the credibility of a witness and if he cannot, he should not be on the jury.  
See 
Ladd
, 3 S.W.3d at 560
.
  However, these requirements must be viewed in the framework of the realization that complete impartiality is not achievable if human beings sit on juries, and no human can be totally impartial, nor can an individual completely ignore his own experiences, beliefs, or values.  
Jones v. State,
 982 S.W.2d 386, 389 (Tex. Crim. App. 1998), 
cert. denied
, 528 U.S. 985 (1999).

We are required to look at the record below as a whole to determine whether sufficient evidence exists to support the trial court ruling that the venire person should not have been stricken for cause.  
Feldman v. State,
 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).  Unlike the trial court, we cannot observe nor listen to the witness and deference is therefore given to the trial court’s decision.  
Id
.  

Based on the foregoing, while it would be improper to seat a juror who stated that his unequivocal belief, or disbelief, in a witness’s testimony under any circumstance, Mr. Flores stated that he would not automatically believe anything that a child had to say, could go either way, and would not believe the child if the child said something outrageous.  Under these circumstances we cannot say that the trial court abused it’s discretion in allowing Mr. Flores to be seated.  We overrule Bobo’s fourth point.

V. Conclusion

Having overruled Bobo’s points on appeal, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 18, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See Standefer v. State, 
59 S.W.3d 177 (Tex. Crim. App. 2001).