COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-371-CR
 
  
JOSEPH 
LYNN BOBO                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
four points, appellant Joseph Lynn Bobo (“Bobo”) challenges his conviction 
for aggravated kidnapping. We affirm.
II. Factual and Procedural Background
        Prior 
to voir dire, the State propounded a questionnaire to the jury panel. Question 
number twenty-two inquired “Could you as a juror convict a defendant on the 
testimony of a child alone, assuming you believed the child?” Prior to 
commencement of voir dire, Bobo’s council objected that the question was an 
“improper commitment question . . . which allows . . . this jury to be bound 
as to an outcome in this case.” Bobo’s counsel also objected that the 
question was an improper commitment question under Standefer,[2] and “certainly for all of those jurors who answered yes 
to that question, those jurors would have committed themselves to an outcome in 
this case that would prevent the defense from getting a fair trial in this 
matter.”
        The 
trial court refused to quash the panel upon motion by Bobo’s counsel, who 
identified, of the first fifty prospective jurors, thirty who answered in the 
affirmative to the question, and denied Bobo’s counsel’s challenge for cause 
to a venire person who indicated, in part, that he did not believe a child would 
lie about criminal activity. The jury subsequently convicted Bobo of aggravated 
kidnapping of A.H., a friend of his common-law wife’s daughter, T.B.
III. The Jury Questionnaire
        In 
his first three points, Bobo argues that the trial court erred in (1) allowing 
an improper “commitment question” to be posed to the venire panel in a juror 
questionnaire, (2) refusing to quash the panel as a result of the question, and 
(3) denying his challenge for cause to jurors who affirmatively answered the 
question. The State acknowledges that, under the case law, question number 
twenty-two is a commitment question. However, the State argues that the question 
was not an improper commitment question. We agree.
        The 
determination of whether a question propounded to venire members in a juror 
questionnaire is a proper commitment question is a three-legged stool—all 
three legs must stand to withstand the weight of scrutiny. See Standefer, 
59 S.W.3d at 179-84. The three legs are as follows: (1) Is the question a 
commitment question? (2) Did the question give rise to a valid challenge for 
cause? and (3) Did the question contain only those facts necessary to contest 
whether a prospective juror is challengeable for cause? See id. A 
“yes” answer to these three means the question was a proper commitment 
question. We review the trial court’s decisions under the abuse of discretion 
standard. Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).
        The 
State acknowledges that, under the case law, question number twenty-two is a 
commitment question. The first leg stands. The second inquiry is whether an 
answer to the question would give rise to a valid challenge for cause. See 
Standefer, 59 S.W.3d at 179-84. The challenge for cause is properly based on 
bias if the venire member has an automatic predisposition toward a witness’s 
credibility based upon knowledge of a certain fact about the witness. See 
Harris v. State, 122 S.W.3d 871, 880 (Tex. App.—Fort Worth 2003, pet. 
filed). Had a juror answered “no” to question number twenty-two, the State 
would have been entitled to a challenge for cause due to the automatic 
predisposition demonstrated by the venire member against testimony from children 
whom the venire member believed were testifying truthfully. The second leg 
stands. Clearly, only facts necessary to a challenge for cause are contained in 
the question. See id. at 881. The third leg stands. Therefore, we reject 
Bobo’s argument that the question was an improper commitment question. 
Accordingly, we overrule Bobo’s first, second, and third points.
IV. Challenge for Cause to Juror Manuel Flores
        In 
his fourth point, Bobo argues the trial court erred in failing to strike a juror 
for cause regarding his belief concerning the truthfulness of children. During 
voir dire, Bobo’s counsel attempted to determine whether venire members would 
tend to believe a child, simply because the witness was a child. Venire member, 
and subsequent juror, Manuel Flores, testified as follows:
 
[VENIREMEMBER 
FLORES]: Yes, I sort of believe that a child, all things being equal, nine times 
out of ten I’m going to believe that child, protect that child. It’s just my 
personal opinion. Because I do agree that—that most children don’t have the 
capacity, don’t have the ability to make up lies, to conjure up lies. I think 
for the most part they’re going to be up front and honest with you. So nine 
times out of ten I would say that I would probably side with the child.
 
[DEFENSE 
COUNSEL]: Okay. . . . Given what I just said about giving them a leg up on 
credibility just simply because of their age, is that what you’re talking 
about?
 
[VENIREMEMBER 
FLORES]: That’s it exactly.
 
[DEFENSE 
COUNSEL]: Exactly what you’re talking about?
 
[VENIREMEMBER 
FLORES]: I think I would have that-that-if you want to call it a prejudice, yes, 
I would believe a child.
 
[DEFENSE 
COUNSEL]: Favor a child’s testimony—
 
[VENIREMEMBER 
FLORES]: Favor a child.
 
[DEFENSE 
COUNSEL]:—because of their age. Thank you.
 
[PROSECUTOR]: 
. . . Mr. Flores, you have two children, is that correct?
 
[VENIREMEMBER 
FLORES]: They’re actually grown.
 
[PROSECUTOR]: 
But, I mean, you do have two kids, even if they are grown up.
 
[VENIREMEMBER 
FLORES]: Yeah.
 
[PROSECUTOR]: 
Whenever they were growing up did you ever catch them telling a fib?
 
[VENIREMEMBER 
FLORES]: Not very often.
 
[PROSECUTOR]: 
But you did at least on a couple occasions caught them saying something that was 
not exactly true?
 
[VENIREMEMBER 
FLORES]: Yeah, especially the son.
 
                . 
. . .
 
[PROSECUTOR]: 
Now, so that being the case, I mean, you’re not going to automatically believe 
anything that a child has to say, are you?
 
[VENIREMEMBER 
FLORES]: No.
 
[PROSECUTOR]: 
And if the child were to come in here and tell you something outrageous on the 
witness stand, like the sun wasn’t going to rise tomorrow, you’re—you 
wouldn’t believe that, would you?
 
[VENIREMEMBER 
FLORES]: Of course not.
 
[PROSECUTOR]:. 
. . That’s all the questions we have, Your Honor.
 
                . 
. . .
 
[DEFENSE 
COUNSEL]: Mr. Flores, you testified in response to questioning earlier that you 
are going to believe a child nine times out of ten. What did you mean by that?
 
[VENIREMEMBER 
FLORES]: Well, I think I would probably weigh what that child has to say quite a 
bit. I would say that I would probably listen to all the facts and then weigh 
them, but that I would sort of tend to come in and try to believe or want to 
believe the child first.
 
[DEFENSE 
COUNSEL]: Before you heard them say anything, you would want—you would be 
wanting to believe what they were going to say?
 
[VENIREMEMBER 
FLORES]: I would—I would probably have that gut feeling to try to believe and 
want to believe what they say, but, no, after listening to whatever evidence and 
whatever facts come out of the case, you know, I could go either way.
 
[DEFENSE 
COUNSEL]: You could go either way. Earlier I believe you also said in addition 
to saying you believe a child nine times out of ten, you would give a child a 
leg up in judging their credibility because they were a child.
 
[VENIREMEMBER 
FLORES]: That’s—that’s correct.
 
[DEFENSE 
COUNSEL]: That is correct, and so what does that mean to you?
 
[VENIREMEMBER 
FLORES]: Well, what that means to me is that I would sort of believe what a 
child would have to say, because I—I really do believe that a child, 
especially from the ages of four to 14, would—would not lie, especially in 
certain situations, in certain circumstances, I feel like a child in that age 
group would be less likely to create, fabricate a story or conjure up something 
or falsely accuse someone. At least that’s my feeling.
 
[DEFENSE 
COUNSEL]: And that’s all we’re getting at. So you’re—and I’m just 
going to restate it. Your feeling is that you would tend to believe that a child 
between the age of four and 14 would not tell a lie as concerns certain 
circumstances, particularly in that criminal accusation.
 
[VENIREMEMBER 
FLORES]: Exactly.
 
[DEFENSE 
COUNSEL]: Thank you.
  
        Following 
this exchange, Bobo’s counsel objected to the witness, telling the court that 
“I think it’s clear from the testimony that he’s biased in favor of a 
child witnesses by indicating through questioning that he does not believe they 
would lie as concerns making criminal accusations.” The trial court denied the 
challenge for cause.
        If 
a prospective juror has a bias or prejudice in favor of or against the 
defendant, which can include hostility or friendship toward a witness, a 
challenge for cause to the juror is appropriate. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 2004); Hernandez 
v. State, 563 S.W.2d 947, 950 (Tex. Crim. App. 1978) (op. on reh’g). A 
defendant is entitled to a jury who will impartially judge the credibility of 
the witness, which requires it be open- minded and persuadable, with no “extreme 
or absolute” positions on witness credibility. Hernandez, 563 
S.W.2d at 950 (emphasis added); Ladd v. State, 3 S.W.3d 547, 560 (Tex. 
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000). In sum, each member 
of the jury must be able to impartially judge the credibility of a witness and 
if he cannot, he should not be on the jury. See Ladd, 3 S.W.3d at 560. 
However, these requirements must be viewed in the framework of the realization 
that complete impartiality is not achievable if human beings sit on juries, and 
no human can be totally impartial, nor can an individual completely ignore his 
own experiences, beliefs, or values. Jones v. State, 982 S.W.2d 386, 389 
(Tex. Crim. App. 1998), cert. denied, 528 U.S. 985 (1999).
        We 
are required to look at the record below as a whole to determine whether 
sufficient evidence exists to support the trial court ruling that the venire 
person should not have been stricken for cause. Feldman v. State, 71 
S.W.3d 738, 744 (Tex. Crim. App. 2002). Unlike the trial court, we cannot 
observe nor listen to the witness and deference is therefore given to the trial 
court’s decision. Id.
        Based 
on the foregoing, while it would be improper to seat a juror who stated that his 
unequivocal belief, or disbelief, in a witness’s testimony under any 
circumstance, Mr. Flores stated that he would not automatically believe anything 
that a child had to say, could go either way, and would not believe the child if 
the child said something outrageous. Under these circumstances we cannot say 
that the trial court abused it’s discretion in allowing Mr. Flores to be 
seated. We overrule Bobo’s fourth point.
V. Conclusion
        Having 
overruled Bobo’s points on appeal, we affirm the judgment of the trial court.

 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Standefer v. State, 59 S.W.3d 177 (Tex. Crim. App. 2001).