

IN THE
TENTH COURT OF APPEALS

No. 10-09-00260-CR

CHRISTOPHER LEE PHILLIPS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court No. 08-01833-CRF-85

MEMORANDUM OPINION

Christopher Lee Phillips was convicted of Injury to a Child and sentenced to 30 years in prison. *See* TEX. PENAL CODE ANN. §22.04(c) (West Supp. 2011). Because the trial court did not err in denying Phillips' challenges for cause and because we will not change the scope of review for sufficiency of the evidence as established by the Court of Criminal Appeals, the trial court's judgment is affirmed.

CHALLENGES FOR CAUSE

In his first issue, Phillips contends the trial court erred in denying his challenges for cause to two jury panelists, Ross Eckhardt and Mark Hartman. Specifically, he

contends that these two panelists were biased against him, in violation of article 35.16, in that they could never believe a police officer would lie. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006).

*Preservation of Error*

To preserve error for a trial court's erroneous denial of a challenge for cause, appellant must show that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010); *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996). The State concedes that Phillips properly preserved error with respect to each challenged panelist.

*Law*

Article 35.16(a)(9) of the Code of Criminal Procedure requires that a prospective juror be dismissed for cause when challenged if the juror "has a bias or prejudice in favor of or against the defendant." TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006); *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). Bias is an inclination toward one side of an issue rather than to the other which leads to the natural inference that a juror will not act with impartiality. *Anderson*, 633 S.W.2d at 853 (citing *Compton v. Henrie*, 364 S.W.2d 179 (Tex. 1963)).

When bias or prejudice are not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such a degree that the prospective juror is disqualified and should be excused from jury service. *Id*. at 853-

854. We look at the entire record when reviewing a trial court's decision to deny a challenge for cause to determine if there is sufficient evidence to support the ruling. *Davis*, 329 S.W.3d at 807; *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law. *Davis*, 329 S.W.3d at 807; *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). Before venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views. *Id*. The proponent of a challenge for cause has the burden of establishing that the challenge is proper. *Id*. The proponent does not meet this burden until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law. *Id*.

We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a venire member's demeanor and responses. *Gardner*, 306 S.W.3d at 295-96. A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id*. at 296. When a venire member's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. *Id*.

Phillips contends the panelists were shown to be biased as a matter of law. Bias exists as a matter of law when a prospective juror admits that he is biased for or against a defendant. *Anderson*, 633 S.W.2d at 854. When a prospective juror is shown to be biased as a matter of law, he must be excused when challenged, even if he states that he

can set his bias aside and provide a fair trial. *Id.* However, it is left to the discretion of the trial court to first determine whether or not bias exists. *Id.* Where the juror states he believes that he can set aside any influences he may have, and the trial court overrules a challenge for cause, its decision will be reviewed in light of all of the answers the prospective juror gives. *Id.*

Phillips relies on the Court of Criminal Appeals' opinion in *Hernandez* to support his argument that the panelists were biased as a matter of law. *Hernandez v. State*, 563 S.W.2d 947, 950 (Tex. Crim. App. 1978). In *Hernandez*, the Court held that a jury panelist was challengeable for cause under article 35.16(a)(8)[1] for having a bias or prejudice in favor of or against the defendant, if the panelist could not "impartially judge the credibility of the witnesses." *Id.* In that case, the panelist stated that she would always believe police officers who testified at trial. *Id.* But the Court later explained in *Jones v. State*, that

> Our holding in *Hernandez*, however, must not be interpreted to mean that a veniremember is challengeable for cause simply because he would be more skeptical of a certain category of witness than of witnesses generally. What we meant in *Hernandez* was that litigants are entitled to jurors who will be genuinely open-minded and persuadable, with no *extreme or absolute* positions regarding the credibility of any witness. We could not have meant that jurors must be completely impartial and free of any trace of skepticism toward any category of witness. Complete impartiality cannot be realized as long as human beings are called upon to be jurors. No person sitting as a juror can completely remove his own experiences, beliefs, and values, however hard he may try.

*Jones v. State*, 982 S.W.2d 386, 390 (Tex. Crim. App. 1998) (emphasis in original).

---

[1] Now article 35.16(a)(9).

*Facts*

In this case, Phillips began this line of questioning by asking the panel whether they would tend to believe an officer over another person, not knowing either one. When Hartman questioned whether Phillips meant in any case, because he thought that was significant, Phillips clarified the example by adding to it that neither the officer nor the other person had spoken yet. Hartman replied that most people would go with the officer. Many of the panelists agreed. Phillips then changed the scenario and asked the panelists whether, if in a court of law, they would automatically tend to believe a police officer over someone else just based on the fact that the person is an officer. After the State requested a bench conference, Phillips again clarified his scenario. This time, he asked whether, if an officer sat in a courtroom and another person sat down next to him, knowing both were going to be questioned, the panelists would tend to believe the officer automatically by virtue of the fact that he is an officer. One panelist changed his answer from yes to no, but the others did not. Phillips then asked if anyone had a family member or close friend who was a law enforcement officer or was, themselves, a law enforcement officer. Eleven panelists responded affirmatively, including Eckhardt who has an uncle and a cousin in law enforcement, and Hartman who is a police officer. None of these 11 panelists thought their relationships with law enforcement officers would impact their verdict.

### Eckhardt

On individual questioning the next day, Phillips asked Eckhardt

Do you believe a police office would always tell the truth? And this is not after they actually take the stand and you hear about their experience, but prior to them even testifying, do you – do you have an assessment or belief that a police officer would always tell the truth that's been called to testify?

Eckhardt answered, "If called to testify, yes." But, upon questioning by the State and the Court, Eckhardt agreed that he could take an oath to follow the Court's instructions regardless of his personal feelings about the instructions, that he would tend to give more weight to the testimony of a police officer over another witness but could be fair and decide the case on the merits, that he could follow the instruction that he is the sole judge of the credibility of the witnesses and the weight to be given their testimony, that he could observe the courtroom demeanor of all the witnesses and determine who is telling the truth and who may not be, and if it appeared that a police officer may not be totally truthful, could make that finding in the verdict.

Phillips then reiterated that Eckhardt's previous response had been "if a police officer testified, prior to them testifying, they're called to testify, you believe that they would always tell the truth." Eckhardt replied, "Well, under oath." Phillips affirmed that the officer would be under oath. Then Eckhardt was asked, "You believe that prior to them testifying that they would always tell the truth?" Eckhardt replied, "In my heart I do, yes." The Court then clarified with Eckhardt that he understood that police officers are human and that there may be certain underlying facts that would cause them to be tempted not to tell the truth. When asked if he could "call the balls and strikes," Eckhardt replied that "every situation is different and I understand that…I can make that decision."

Eckhardt's answers were not extreme or absolute regarding the credibility of police officers. Further, the law was explained to him and he was asked whether he could follow that law, regardless. Phillips did not show Eckhardt could not overcome his bias, if any, well enough to follow the law. Thus, the trial court did not err in overruling Phillips' challenge for cause.

*Hartman*

When Hartman was subjected to individual questioning by Phillips, he was asked,

> Prior to a police officer testifying, obviously when they testify you can assess their credibility, their experience, all that kind of stuff, but I'm just saying right now as you stand here prior to the police officer testifying, do you believe that if a police officer is called to testify that that police officer will always tell the truth?

Hartman replied that he believed it was their job to tell the truth. When asked if that meant "yes," Hartman responded affirmatively. The State then explained that the judge would give him instructions that permits the jurors to give more weight to the testimony of a police officer but requires that Hartman be fair and decide the case on the merits. Hartman agreed to following the law as a part of his job as a juror. He also agreed that he would evaluate everyone on the same plane and on what he would hear about their training and experience before making a decision if he was given that instruction.

Hartman was questioned further by Phillips about whether he believed other witnesses prior to testifying would always tell the truth. Hartman replied that he believed most people were honest and would give them the benefit of the doubt. He

did not believe, however, that all witnesses would always tell the truth before giving an oath; but he again stated that he normally gives them the benefit of the doubt. Hartman then affirmed in response to a question by the Court that he would judge the credibility of the witnesses "always" whether they were laymen, police officers, or others and would apply the law to the facts.

Again, Hartman's answers were not extreme or absolute regarding the credibility of police officers. Further, the law was explained to him and he was asked whether he could follow that law, regardless. Phillips did not show Hartman could not overcome his bias, if any, well enough to follow the law. Thus, the trial court did not err in overruling Phillips' challenge for cause.

*Conclusion*

Because the trial court did not err in overruling Phillips' challenges for cause, his first issue is overruled.

SUFFICIENCY OF THE EVIDENCE

In Phillips' second issue, he contends the evidence is insufficient to support the verdict because, he argues, two physicians who testified for the State were not qualified to testify regarding the mechanisms causing the injuries to the child; therefore, disregarding the testimony of these two physicians, the evidence is insufficient to support causation. No objection was made to the qualifications of the physicians.

Phillips invites this Court to change the scope of review of a sufficiency of the evidence complaint in a criminal proceeding by using the civil standard expressed by the Texas Supreme Court in *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706

(Tex. 1997). The Court of Criminal appeals has consistently held that in conducting a sufficiency review the reviewing court is to review all the evidence, even the evidence that was improperly submitted. *See Johnson v. State*, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998); *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988). *See also Russeau v. State*, 171 S.W.3d 871, 879 (Tex. Crim. App. 2005); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). This is admittedly different than the scope of review in a civil proceeding wherein the reviewing court does not consider improperly submitted evidence when reviewing sufficiency of the evidence issues. *See Havner*, 953 S.W.2d at 711. As an intermediate appellate court, it is not our role to modify the scope of what we review in conducting our review of the evidence under the proper standard of review. Accordingly, we must decline Phillips' invitation to change the scope of review as established by the Court of Criminal Appeals. Because we must review all the evidence and because Phillips does not contend the evidence is insufficient with the inclusion of the physicians' testimony, Phillips' second issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 30, 2012
Do not publish
[CRPM]