**Gholan Hussain ZAKKIZADEH,**
**Appellant**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 01–93–01121, 01122–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1995.

Rehearing Overruled March 28, 1996.

**338**

Brian Abbington, Galveston, for Appellant.

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Hous-

Michael J. Guarino, Galveston, for Appellee.

Before HUTSON–DUNN, ANDELL and DUGGAN *, JJ.

## OPINION

HUTSON–DUNN, Justice.

A jury found appellant, Gholan Hussain Zakkizadeh, guilty of two counts of aggravated sexual assault of a child and assessed punishment at 20–years confinement for each count. In two points of error directed at both counts, appellant asserts that the trial court erred by failing to strike a juror for cause and by failing to sustain his objection to the State's jury argument. We affirm.

### Challenge for Cause

In his first point of error, appellant argues that the trial court committed reversible error in failing to grant his challenge for cause to venireman number 22, Jess Colwell.

During voir dire examination of Colwell by defense counsel the following exchange occurred:

Q You are a police officer. I appreciate you wearing your uniform today, sir. Do you think you could be a fair and impartial juror in a criminal case?

A I believe so.

Q Do you feel like your experience with the Texas City Police Department would make you more likely to believe a police officer than a defendant?

A Yes.

Some time later, Colwell approached the bench and was questioned further outside the hearing of the jury venire. At that time, the trial court instructed Colwell on the applicable rules for judging the credibility of witnesses and asked him if he would be able to follow those rules. Colwell stated in response that he would "take all the witness's testimony at face value." Colwell was then questioned further both by the State and by

ton, participating by assignment.

defense counsel. Relevant portions of the questioning are as follows:

THE STATE: If a police officer testifies, would you listen to his testimony, his demeanor, and then make a judgment about his credibility; or would you assume when he takes the stand that he is going to be credible and refuse to make a judgment without hearing the testimony and his witness demeanor?

MR. COLWELL: I would take his demeanor into account, yes. Quite honestly, it would play a factor that it was an officer.

THE STATE: Do you think you would believe a police officer more than you would believe a, [sic] just because the fact he is a police officer?

MR. COLWELL: It would depend on his testimony, the way he presented himself.

. . . .

DEFENSE COUNSEL: ... Have you in your mind—you said you have worked with C.P.S. Have you established a conclusion in your mind as to the guilt or innocence of this man?

MR. COLWELL: No.

DEFENSE COUNSEL: You are not saying that every person who testifies who is a police officer is always telling the truth?

MR. COLWELL: No.

DEFENSE COUNSEL: So, there are instances where you, where sometimes you believe a police officer might lie? Not every police officer tells the truth 100 percent of the time?

MR. COLWELL: That's correct.

DEFENSE COUNSEL: You would use your judgment to determine whether or not a police officer is telling the truth or not based on individual basis?

MR. COLWELL: It would depend on his level of expertise, for instance, and the way he presented his testimony.

. . . .

DEFENSE COUNSEL: Would you give additional weight to his testimony than you would to a layperson who worked in these type [sic] of areas because of the status as a peace officer?

MR. COLWELL: No.

DEFENSE COUNSEL: You would not?

MR. COLWELL: No. What I meant by that was the expertise gained by working in this field would give extra weight, not the fact that he was certified. That's the way I took your question earlier.

DEFENSE COUNSEL: What I was asking was because of their status as a police officer would you be more likely, would you believe them, would they start off with a little advantage no matter how slight?

MR. COLWELL: Consciously no.

DEFENSE COUNSEL: Unconsciously?

MR. COLWELL: I don't know.

DEFENSE COUNSEL: You couldn't state that you would?

MR. COLWELL: I couldn't answer that question one way or another.

The record reflects that appellant properly preserved error when his challenge for cause to this venireman was denied. *See Payton v. State,* 572 S.W.2d 677, 680 (Tex.Crim.App. 1978).

■ A venireman may be excused for cause if "he has a bias or prejudice in favor of or against the defendant." TEX.CODE CRIM.P.ANN. art. 35.16(a)(9) (Vernon 1965). The unequivocal belief by a venireman that a police officer would *never* lie while testifying has been found to constitute a bias against a defendant. *Hernandez v. State,* 563 S.W.2d 947, 950 (Tex.Crim.App.1978). It is left to the discretion of the trial court to determine whether or not bias exists. *Anderson v. State,* 633 S.W.2d 851, 854 (Tex.Crim.App. 1982).

In *Lane v. State,* 822 S.W.2d 35, 44–45 (Tex.Crim.App.1991), the court held that a venireman is not subject to a challenge for cause because he expressed a tendency to favor testimony of police officers. In *Lane,* the court held that the trial court had a sufficient basis for denying the defendant's challenge for cause when the venireman also stated that he would not automatically believe the testimony of a police officer without

having first heard the officer's testimony and judged his or her credibility. *Id.* Here, as in *Lane,* venireman Colwell did express a tendency to believe a police officer's testimony over that of others. However, Colwell also clearly stated that he had not established a conclusion as to the guilt or innocence of appellant, that he did not believe that officers always told the truth, and that he would not consciously allow a witness' status as a peace officer to influence him. Given this record, it was not an abuse of discretion for the trial court to find that Colwell was not biased against appellant and to deny appellant's challenge for cause.

We overrule appellant's first point of error.

## Improper Jury Argument

Appellant's second point of error contends that the following comment constituted improper jury argument and, therefore, the trial court erred by overruling appellant's objection to it:

> THE STATE: I am going to ask you to find this man guilty of three counts of aggravated sexual assault of a child because he did this to these children. It wasn't right, *and in this country we don't allow foreigners to rape little girls.*
>
> DEFENSE COUNSEL: Objection, that was improper. That was an improper attack on the defendant because he is from another—
>
> THE COURT: Overrule the objection. Ladies and gentlemen, you will retire to the jury room to deliberate your verdict.

(Emphasis added.)

### Preservation of Error for Review

The State initially asserts that even if the comment was improper, the error was not preserved for appellate review because defense counsel only made a general objection to the comment. In order to preserve a complaint on appeal, a party must make a timely objection that specifically states the legal basis for the objection unless the grounds are apparent from the context. TEX. R.APP.P. 52(a); *Jones v. State,* 843 S.W.2d 92, 98 (Tex.App.—Dallas 1993, pet. ref'd). Here, the very nature of the prosecutor's comment coupled with defense counsel's ob-

jection informed the court of the nature of the error. *See Everett v. State,* 707 S.W.2d 638, 641 (Tex.Crim.App.1986) (defendant's objection to prosecutor's comments as "improper argument" sufficiently apprised the court of nature of error). Therefore, the complaint was adequately preserved for review.

### Proper Jury Argument

Proper jury argument falls into one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to defendant's arguments; and (4) a plea for law enforcement. *Dickerson v. State,* 866 S.W.2d 696, 698 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (citing *Borjan v. State,* 787 S.W.2d 53, 55 (Tex.Crim.App.1990)). Appellant maintains that the comment was "blatantly improper, irrelevant and inflammatory" and does not fall into any of the permissible categories. The State, however, asserts that the prosecutor's argument, when viewed in its entirety, falls within the wide range of acceptable jury argument. Appellant, according to the State, testified to having been born and primarily educated in Iran in an effort to gain the sympathy of the jury. Additionally, the State directs us to the record that shows appellant answered clearly and with little difficulty when questioned by defense counsel, but seemed to have problems understanding both the questions he was being asked and the English language when he was cross-examined by the State. The State therefore contends that when the prosecutor referred to appellant as a "foreigner" it was not to inflame the jury against appellant by raising national or racial prejudices, but, instead, it was merely a summation of the evidence presented by appellant to gain sympathy and to offer reasonable deductions from the evidence offered. We hold that the comment was improper. It did not fall within one of the four permissible categories of proper jury argument. *Dickerson,* 866 S.W.2d at 698.

### Harm Analysis

Having determined that the comment was improper, we must now determine

if that error was harmful to appellant. *Orona v. State,* 791 S.W.2d 125, 129–30 (Tex. Crim.App.1990); Tex.R.App.P. 81(b)(2). We must calculate, as much as possible, the probable impact of the error on the jury in light of the record as a whole. *Orona,* 791 S.W.2d at 130. We must examine: (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State; (4) the probable collateral implications of the error; (5) how much weight a juror would place upon the error; and (6) whether declaring the error harmless in this case would encourage the State to repeat it with impunity. *Id.* at 130 (citing *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App. 1989)). Overwhelming evidence of guilt is a variable to be calculated. *Orona,* 791 S.W.2d at 130. However, we must focus our attention on whether the error at issue might possibly have prejudiced the juror's decision making and whether the jurors were able to properly apply the law to the facts in order to reach a verdict. *Id.* It is the effect of the error and not the existence of overwhelming evidence or the lack thereof that dictates our judgment. *Id.*

Applying these standards to the instant case, we conclude beyond a reasonable doubt that the State's improper jury argument did not contribute to appellant's conviction or punishment. In reviewing the record, it is apparent that the State was not intentionally attempting to taint the trial process with improper argument. The prosecutor made passing reference to appellant as a "foreigner" in order to counter what the State viewed as an attempt by appellant to engage the emotions of the jury by portraying himself as an unsophisticated, naturalized American citizen.[1]

The record shows that appellant was indicted with three counts of aggravated sexual assault of a child. The victims were sisters, and at trial the jury heard the testimony of each of the girls as well as that of appellant. After the guilt-innocence portion of the trial, the jurors made several written requests, during deliberations, to have the portions of the statement of facts read to them. They requested the testimony of the youngest girl in which she described "gooey white stuff" coming out of her after appellant would have intercourse with her. Later, the jurors requested the testimony of the social worker involved with the case when she also made reference to the children having described "gooey white stuff." They also requested the social worker's testimony regarding the oldest child's original responses when questioned by the police about the abuse.[2] After having deliberated for over a day, the jurors came back with a verdict of guilty on only two of the charges.

During the punishment phase of trial, the jury was meticulous enough to notice a discrepancy in the cause numbers and call it to the court's attention. The possible range of punishment for appellant was from five years to life with a possibility of probation for a sentence of 10 years or less. Although the State argued that appellant be given not less than 30 years for each conviction, the jury assessed punishment at 20–years for each conviction, an amount far below the maximum. The record shows that the jury carefully considered the evidence and was able to properly apply the law to the facts of the case.

In light of the record as a whole, we conclude that the jury was not influenced by the State's error and thus the error was harmless.

We overrule appellant's second point of error.

We affirm the judgments of conviction.

1. The prosecutor explained her interpretation of appellant's testimony, without objection, in her closing argument when she described appellant as follows:

 [THE STATE]: The Defendant himself wants you to believe he is some dumb foreigner thrilled to be in this country. He put on this dumb foreigner act to get pity and mercy.

2. The oldest child originally told the police and the social worker that appellant had been fondling her breasts and vagina and forced her to watch him masturbate, but she did not report any instances of having been penetrated by appellant. Penetration is a necessary element of the offense of aggravated sexual assault of a child. Tex.Penal Code Ann. § 22.021 (Vernon 1994). The jury found that appellant was not guilty of aggravated sexual assault of the oldest child.

ANDELL, Justice, dissenting.

I dissent. I would sustain appellant's second point of error and would reverse the judgments of the trial court and remand for a new trial.

The issue is one of improper jury argument. In this case, the State, during its closing argument, stated: *"and in this country we don't allow foreigners to rape little girls."* The State has asked this Court to give its "stamp of approval" to this type of jury argument. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973). In the present case, the majority has done so. I will not.

Nowhere in American jurisprudence, whether civil or criminal, does this type of rhetoric have a place. Here, the State's closing argument was clearly designed to arouse the passions and prejudice of the jury and, as such, was improper. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App.1981).

I can reasonably conclude that the appellant was prejudiced by this improper jury argument. I would reverse the judgments of the trial court and remand the causes for a new trial.