Opinion issued July 6, 2006























In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00783-CR
____________

MANUEL DE JESUS OVALLE, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the 174th District Court
Harris County, Texas 
Trial Court Cause No. 1003187

 
 
MEMORANDUM OPINION
          A jury found appellant, Manuel de Jesus Ovalle, guilty of the offense of
aggravated robbery,


 and the trial court assessed his punishment at confinement for
five years. In his sole issue, appellant contends that the trial court erred in overruling
his objection to an improper jury argument. We affirm. 
Factual Background
           Muhammad F. Khan, the complainant, testified that, on March 8, 2003, at
approximately 7:00 p.m., he was working at his family-owned gas station when an
unidentified man with long, wavy hair entered the store and walked toward the beer
cooler. The complainant explained that because of recent thefts at the store, he was
concerned that the man may be attempting to steal an 18-pack of beer. The
complainant exited the cashier’s cabin and approached the man. At that point, the
man pulled out a gun and demanded money from the complainant. The complainant
gave the man between $250 and $270 from the cash register. He then saw the man
leave the store and get into the passenger side of a small sport utility vehicle (“SUV”)
parked just outside of the store. The complainant ran outside after the man and was
able to write down the license plate number of the SUV, which he gave to police
officers. 
          On October 6, 2004, a Houston Police Officer brought the complainant a
photographic line-up. The complainant identified appellant as the person that had
robbed him. On July 22, 2005, appellant’s trial counsel subpoenaed the complainant,
and the complainant again identified appellant in the courtroom as the person who
had robbed him. The complainant also identified appellant as the perpetrator when
he testified during the guilt phase of appellant’s trial. 
          Throughout the guilt phase of the trial, appellant’s defensive theory focused on
disputing the complainant’s identification of appellant. During closing argument,
appellant’s trial counsel argued:
[Defense Counsel]: So, when [the complainant] comes to court,
and he tells you he’s been here before, and he
has identified [appellant] and he has seen
[appellant] sitting next to me as we were
picking you folks, of course, he has to
identify [appellant]. 
          A short time later, during the State’s closing argument, the following exchange
took place: 
[State]: Do you think anybody in their [sic] right mind
would ever forget that face? Maybe the hair,
maybe the clothing, but that face? That could
have been the angel of death to [the
complainant]. He’s not going to forget that,
not even a year and a half later. And when
[defense counsel] subpoenas [the
complainant] to court and he’s got a
courtroom of people and he can pick
[appellant] out again after the charges have
been filed, and now we want to argue that
that improperly taints him so he can pick out
who it is this time. That’s not fair. You don’t
ask a victim to court to see if he can pick him
out one more time and then fault him for it
because he did. That’s not justice.
 
[Defense Counsel]: Objection, Your Honor, improper argument.
 
[Trial Court]: That will be overruled.
 
[State]: That’s not fair. You can’t hold that against
[the complainant]. He has done whatever the
community has asked of him in pursuing this
case.
Improper Jury Argument
          In his sole issue, appellant argues that the trial court “erred in refusing to
sustain appellant’s objection following the improper jury argument of the prosecutor”
because the State’s argument did not fall within any of the prescribed categories of
permissible argument. Appellant asserts that the State’s argument “addressed defense
counsel personally and served to impugn her character, stating that she was acting
unfairly and in an unjust manner.” The State counters that the argument was
permissible because the statement fell within the categories of being (1) a proper
summation of the evidence and (2) an answer to the argument of opposing counsel. 
          As an initial matter, the State argues that appellant’s complaint was not
preserved because the appellant’s objection “did not make the trial court aware of the
specific grounds of his complaint,” and it was not “reasonable to conclude that the
specific grounds were apparent from the context.”   To preserve a complaint for our
review, a party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not apparent
from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g). Further,
the trial court must have ruled on the request, objection, or motion, either expressly
or implicitly, or the complaining party must have objected to the trial court’s refusal
to rule. Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim.
App. 2004).
          Here, appellant made an objection of “improper argument” during the
comments in question and the trial court overruled the objection. Given the context
of the comments and the stated objection, appellant’s objection was sufficient to
inform the trial court of the nature of the error. See Zakkizadeh v. State, 920 S.W.2d
337, 340 (Tex. App.—Houston [1st Dist.] 1995, no pet.). Accordingly, we hold that
appellant properly preserved the complaint for our review.
          A proper jury argument must fall within one of four general areas: “(1) a
summation of the evidence; (2) reasonable deductions from the evidence; (3) an
answer to the argument of opposing counsel, and (4) a plea for law enforcement.” 
See Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); Morris v. State, 755
S.W.2d 505, 509 (Tex. App.— Houston [1st Dist.] 1988, pet. ref’d). “Generally when
an argument falls outside of these areas, error occurs.” Dinkins v. State, 894 S.W.2d
330, 357 (Tex. Crim. App. 1995). “To determine whether a party’s argument
properly falls within one of these categories, we must consider the argument in light
of the record as a whole.” Sandoval v. State, 52 S.W.3d 851, 857 (Tex. App.—
Houston [1st Dist.] 2001, pet. ref’d).
          “[A]rguments that result in uninvited and unsubstantiated accusation of
improper conduct directed at a defendant’s attorney” are of special concern. Mosley,
983 S.W.2d at 258 (quoting Orona v. State, 791 S.W.2d 125, 128 (Tex. Crim. App.
1990)). “Although it is impossible to articulate a precise rule regarding these kinds
of arguments, it is fair to say that a prosecutor runs a risk of improperly striking at a
defendant over the shoulder of counsel when the argument is made in terms of
defense counsel personally and when the argument explicitly impugns defense
counsel’s character.” Id. at 259. However, we note that although defense counsel is
protected against unwarranted attacks, this “does not create a sanctuary to which
defense counsel may retreat with immunity and thereby deny the prosecutor the right
to reply to counsel’s argument.” Strokes v. State, 506 S.W.2d 860, 864 (Tex. Crim.
App. 1974). We differentiate between “comments which facially appear aimed at
defense counsel but actually strike at his argument.” See Lange v. State, 57 S.W.3d
458, 470 (Tex. App.—Amarillo 2001, pet. ref’d) (prosecutor’s references to defense
taking jury down “bunny trails” and “rabbit trails” were permissible based on brevity
of statements, de minimis derogatory content, and directness of response to defense’s
argument); see also Gorman v. State, 480 S.W.2d 188, 190–91 (Tex. Crim. App.
1972) (prosecutor’s remark that defense counsel was arguing “something ridiculous”
was aimed at defense counsel’s argument rather than at defense counsel personally). 
          Here, throughout the guilt phase of appellant’s trial, the identity of the
perpetrator of the aggravated robbery was at issue. During opening statements,
appellant’s trial counsel told the jury to pay particular attention to the complainant’s
description of the assailant. During cross-examination of the complainant, appellant’s
trial counsel attempted to show that the complainant’s identification of appellant
based on police photographs was tainted. Appellant’s trial counsel also questioned
the complainant regarding his identification of appellant at a pretrial hearing and
during the guilt phase of appellant’s trial. Because the complainant’s previous
identifications of appellant were part of the evidence in this case, the State’s argument
recounting such previous identifications was a proper summation of that evidence. 
          Appellant argues that the State’s closing argument was “even more grievous”
because “the State was completely mistaken in its perception of defense counsel’s
previous argument.” Appellant asserts that his trial counsel’s closing argument, to
which the State responded, concerned the complainant’s identification of appellant
during the guilt phase of trial, and not the previous identification at a pretrial hearing. 
However, even if the State’s argument addressed a different identification, it was not
improper in responding to appellant’s attack on the reliability of the complainant’s
identification of appellant during the guilt phase of trial.
          Appellant relies on the Mosley case to show that jury arguments can be
improper when the argument refers to the counsel personally and suggests, though not
explicitly, that the counsel wanted to divert the jury from the truth. Mosley, 983
S.W.2d at 259. However, here, the record reveals that the State’s argument
mentioned appellant’s trial counsel only once and the State never explicitly or
implicitly stated that appellant’s trial counsel was unfair, unjust, or trying to divert
the jury from the truth. Moreover, and as noted, the State’s remarks were made in
direct response to appellant’s trial counsel’s arguments attacking the complainant’s
identification of appellant. Given the record in this case, the State’s argument cannot
reasonably be construed to have impugned appellant’s trial counsel. The brevity of
the comment, the de minimis derogatory content (if any), and the direct relationship
to the appellant’s arguments make the jury argument made by the State in this case
permissible. See Howard v. State, 896 S.W.2d 401, 405 (Tex. App.—Amarillo 1995,
pet. ref’d). Accordingly, we hold that the trial court did not err in overruling
appellant’s objection. 
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice 
 
Panel consists of Justices Jennings, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).